1

2

3

4                              UNITED STATES DISTRICT COURT

5                             NORTHERN DISTRICT OF CALIFORNIA

6

7    RIKKI T. LEER,                                Case No.  14-cv-03309-DMR (PR)

              Plaintiff,
8                                                  **ORDER DENYING PLAINTIFF'S RULE
                                                   56(D) MOTION; AND GRANTING HIS
9        v.                                        REQUEST FOR A SECOND
                                                   EXTENSION OF TIME TO FILE
10   SAN MATEO COUNTY SHERIFF'S                     OPPOSITION TO DEFENDANT'S
     DEPUTY J. GOULART,                             MOTION FOR SUMMARY JUDGMENT**
11            Defendant.

12

13          Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Both

14   parties have consented to magistrate judge jurisdiction, and this matter has been assigned to the

15   undersigned Magistrate Judge.

16          Pending before the court are Defendant's Motion for Summary Judgment, as well as

17   Plaintiff's "Application for Extension of Time to File Rule 56(f) [Motion]," which is construed as

18   a motion for an order pursuant to Rule 56(d) for an extension of time to oppose Defendant's

19   Motion for Summary Judgment.  Dkts. 16, 21.

20          Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party

21   may avoid summary judgment when such party has not had sufficient opportunity to discover

22   affirmative evidence necessary to oppose the motion.[1]  *See Garrett v. City & Cnty. of San

23   Francisco*, 818 F. 2d 1515, 1518 (9th Cir. 1987).  In particular, Rule 56(d) provides that a court

24   may deny a summary judgment motion and permit the opposing party to conduct discovery where

25   it appears that the opposing party, in the absence of such discovery, is unable to present facts

26   _____

27          [1] *Garrett* and Plaintiff in the instant action both cite to Rule 56(f), the subsection in which
     the provisions pertaining to a party's inability to present facts essential to justify its opposition
28   formerly were set forth; as of December 1, 2010, the applicable provision is Rule 56(d).  *See* Fed.
     R. Civ. P. 56.

United States District Court
Northern District of California

1   essential to opposing the motion.  Fed. R. Civ. P. 56(d).  A Rule 56(d) motion requires the moving

2   party to show; "(1) that they have set forth in affidavit form the specific facts that they hope to

3   elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are

4   'essential' to resist the summary judgment motion."  *State of Cal., on Behalf of Cal. Dept. of Toxic*

5   *Substances Control v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).  A proper Rule 56(d) motion

6   must contain more than a list of desired documents; it must specify what particular facts those

7   requested documents will reveal if obtained and why those facts are necessary to oppose the

8   summary judgment motion effectively.

9           Here, Plaintiff's Rule 56(d) motion is not well-taken.  First, Plaintiff claims he needs a

10  continuance to "write witnesses and/or write to prisoners in CDCR."  Dkt. 21 at 1.  However,

11  Plaintiff has not stated what facts such interviews—with unnamed witnesses/prisoners—will

12  reveal and why those facts are necessary to avoid summary judgment in this case.  Furthermore,

13  Plaintiff claims he has also filed a "*Pitchess* Motion,"[2] presumably in state superior court, in an

14  effort to "gather[] corroborating facts that [Defendant] J. Goulart has had excessive force

15  [complaints], within his internal affairs file and Citizen's complaints."  *Id.* at 2.  The Court finds

16  that any such discovery would be futile in opposing Defendant's motion for summary judgment.

17  A party cannot oppose a summary judgment motion with inadmissible evidence.  *See e.g.*, *Beyene*

18  *v. Coleman Sec. Services, Inc.*, 854 F.2d 1179, 1181-82 (9th Cir. 1988) (district court erred in

19  considering hearsay in ruling on summary judgment motion); Fed. R. Civ. P. 56(e).  Evidence of

20  past wrongs to show action in conformity therewith, as Plaintiff seeks to establish in this case, is

21  inadmissible.  Fed. R. Evid. 404.  Plaintiff does not state how any such complaints against

22  Defendant could potentially reveal facts relevant to the determination of the instant pending

23  motion for summary judgment.  Although Plaintiff is free to request this information in discovery

24  from Defendant, Plaintiff's discovery requests are limited to relevant information under Federal

25  Rule of Civil Procedure 26.  Accordingly, Plaintiff's Rule 56(d) motion is DENIED.

26

27          [2] A *Pitchess* motion is the procedural method established in *Pitchess v. Superior Court*, 11
    Cal. 3d 531 (1974), and later codified by California Penal Code § 832.7 and California Evidence
28  Code §§ 1043 and 1046, that allows for discovery of otherwise privileged personnel records.

United States District Court
Northern District of California

In any event, Plaintiff also requests a second extension of time in which to file his opposition to Defendant's Motion for Summary Judgment up to and including May 15, 2015. Having read and considered Plaintiff's request, and good cause appearing,

IT IS HEREBY ORDERED that Plaintiff's request for a second extension of time is GRANTED.  The time in which Plaintiff may file his opposition to Defendant's Motion for Summary Judgment will be extended up to and including **May 15, 2015**.

Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

This Order terminates Docket No. 17.

IT IS SO ORDERED.

Dated:  April 22, 2015

_____
DONNA M. RYU
United States Magistrate Judge

United States District Court
Northern District of California